IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

BRANDA RIVERA BRITO, ELIZET CAMACHO, and JUAN CARLOS CARRION COLON,

Plaintiffs,

v.

ENCHANTED ISLAND, LLC, d/b/a RAFA'S ISLA DEL ENCANTO, RAFAEL ACOSTA, and MAGNOLIA POLIDO,

Defendants,

_______________________________/

# COMPLAINT

Plaintiffs, Branda Rivera Brito, Elizet Camacho and Juan Carlos Carrion Colon, (Hereinafter collectively referred to as "Plaintiffs") sue defendants, Enchanted Island, LLC, Rafael Acosta, and Magnolia Polido (Hereinafter collectively referred to as "Defendants"), and they state:

## INTRODUCTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 2001 et seq.), hereinafter "the Act," to recover unpaid minimum wages, overtime compensation, liquidated damages, lost wages, compensable damages, front pay, prejudgment interest, and reasonable attorneys' fees and costs.

## JURISDICTION

2. This is an action for damages in excess of $15,000.

3. All acts or omissions giving rise to this dispute took place in Miami-Dade County, Florida.

## PARTIES

4. Defendant, Enchanted Island, LLC is a restaurant located in Miami-Dade County, Florida.

5. Plaintiff, Branda Brito is an individual and a resident of Miami-Dade County, Florida.

6. Plaintiff, Elizet Camacho is an individual and a resident of Miami-Dade County, Florida.

7. Plaintiff, Juan Carlos Carrion is an individual and a resident of Miami-Dade County, Florida.

8. Branda Brito was employed by Defendants from about March 5, 2015 to June 5, 2016.

9. During her employment with Defendants, Branda Brito was a tipped employee paid an hourly rate less than the federal and Florida minimum wage, i.e., $5.03 per hour.

10. Elizet Camacho was employed by Defendants from about May 10, 2015 to June 5, 2016.

11. During her employment with Defendants, Elizet Camacho was a tipped employee paid an hourly rate less than the federal and Florida minimum wage; i.e., from $5.05 to $7.15 per hour.

12. Juan Carlos Carrion Colon was employed by Defendants from about March 5, 2015 to June 5, 2016 as a chef.

13. During his employment with Defendants, Juan Carlos Carrion Colon was paid an hourly rate from $13 to $15 an hour.

14. Plaintiffs all worked over forty hours in nearly every workweek that they were

employed by Defendants.

15. Defendant, Enchanted Island, LLC, ("Enchanted Island") is a limited liability company that is formed under the laws of the State of Florida. It has its principal place of business in Miami-Dade County, Florida.

16. Enchanted Island did not count all of the cash it received from its customers to avoid paying a greater amount of taxes, and upon information and belief, used a portion of this undeclared cash to pay at least four undocumented workers.

17. At all times hereinafter mentioned, Defendant, Enchanted Island, LLC had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level which are separately stated, and has at least two employees engaged in interstate commerce or handling materials or goods that have traveled across state lines.

18. By reason of the foregoing, defendant, Enchanted Island was, during all times material to this action, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

19. Enchanted Island is an employer under the Act.

20. Upon information and belief, defendant, Rafael Acosta is a resident of Miami-Dade County, Florida.

21. Defendant, Acosta, is a managing member of defendant, Enchanted Island.

22. Defendant, Acosta, acted and acts directly in the interests of Enchanted Island in relation to the its employees, including hiring and firing employees, establishing

wage rates of employees, establishing the work schedules of employees, and creating and implementing employee policy and procedures.

23. Defendant, Acosta, was and is an employer within the meaning of the Act.

24. Upon information and belief, defendant, Magnolia Polido, is a resident of Miami-Dade County, Florida.

25. Defendant, Polido, is a managing member of defendant, Enchanted Island.

26. Defendant, Polido, acted and acts directly in the interests of Enchanted Island in relation to the its employees, including hiring and firing employees, establishing wage rates of employees, establishing the work schedules of employees, and creating and implementing employee policy and procedures.

27. Defendant, Polido, was and is an employer within the meaning of the Act.

**COUNT 1**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE ACT**

28. Plaintiffs reallege paragraphs 1 through 27 as if fully set forth in this count.

29. Throughout Plaintiffs' employment with Defendants, Defendants willfully employed each plaintiff in the aforesaid enterprise engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate each of the plaintiffs for such work in excess of 40 hours per week at rates not less than one and one-half times their regular hourly rates at which they were employed, contrary to the provisions of 29 USC § 207(a).

30. Defendants failed to pay the plaintiffs the statutory overtime rate as required by the Act and remains owing each of them back wages from for their entire period of employment.

31. As a result of the under payments of wages alleged above, Defendants are indebted to each plaintiff in the amount of double the unpaid overtime compensation.

32. Because of Defendants' refusal to pay the overtime due to each plaintiff, it has been necessary for them to employ Penichet Law to prosecute this cause.

WHEREFORE, each plaintiff demands judgment awarding her/him all such legal and equitable relief that will effectuate the purpose of the FLSA including but not limited to the following:

a. Unpaid overtime compensation;

b. Liquidated damages in an amount equal to the of unpaid overtime compensation;

c. Prejudgment interest;

d. Attorney fees pursuant to the FLSA (29 USC §216(b));

e. Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA (29 USC §216(b)); and

f. Any other relief that this court finds will reasonable under the circumstances.

**COUNT 2**

**<u>VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA</u>**

33. Plaintiffs, Brito and Camacho, reallege paragraphs 1 through 27 as if fully set forth in this count.

34. Plaintiffs, Brito and Camacho, were employed by Defendants as waitresses.

35. Brito and Camcho were paid less than the applicable full minimum wage, and shared in a tip pool.

36. Brito and Camacho were required to pool their tips with a non-tipped employee, i.e., the manager of the restaurant.

37. Defendants owe Brito and Camacho the difference between the actual hourly rate they each earned and the full applicable minimum wage for every hour they each worked under the illegal tip pool.

38. Defendants also failed to notify each Plaintiff of the tip credit as required by law, including that they failed to display any poster or other written material explaining the tip credit to their employees, including the plaintiffs.

39. Defendants remain owing Plaintiffs unpaid minimum wages for the entire time they worked for the Defendants plus an additional equal amount of unpaid minimum wages as liquidated damages.

40. Because of Defendants' refusal to pay the minimum wages due to each plaintiff, it has been necessary for them to employ Penichet Law to prosecute this cause.

WHEREFORE, plaintiffs, Camacho and Brito demand judgment awarding each of them all such legal and equitable relief that will effectuate the purpose of the FLSA including but not limited to the following:

a. Unpaid minimum wages;

b. Liquidated damages in an amount equal to the of unpaid minimum wages;

c. Prejudgment interest;

d. Attorney fees pursuant to the FLSA (29 USC §216(b));

e. Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA (29 USC §216(b)); and

f. Any other relief that this court finds will reasonable under the circumstances.

## COUNT 3

## VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FLSA

41. Plaintiffs reallege paragraphs 1 through 27 as if fully set forth in this count.

42. Plaintiffs Brito and Colon are married.

43. Plaintiffs Brito and Camacho complained to Defendants about the illegal tip pool; i.e., that the manager was taking a share of the tips pooled.

44. In violation of the anti-retaliation provision of the FLSA Defendant, Acosta fired all of the Plaintiffs because Brito and Camacho complained about the illegal tip pool.

45. As a result of Acosta's action of firing the Plaintiffs, they have been damaged.

WHEREFORE, each plaintiff demands judgment awarding her/him all such legal and equitable relief that will effectuate the purpose of the FLSA including but not limited to the following:

a. Lost wages

b. Liquidated damages in an amount equal to plaintiffs' lost wages;

c. Front pay in lieu of reinstatement;

d. Compensatory damages;

e. Prejudgment interest;

f. Attorney fees pursuant to the FLSA (29 USC §216(b));

e. Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA (29 USC §216(b)); and

f. Any other relief that this court finds will reasonable under the circumstances.

**JURY DEMAND**

46. Plaintiffs demand trial by jury.

Respectfully submitted

PENICHET LAW
Attorneys for Plaintiff
9655 S. Dixie Highway, Suite 310
Miami, Florida 33156
Tel.: (305) 373-8809
Fax.: (305) 373-8810
paul@penichetlaw.com

BY: */s/ Paul F. Penichet*
Paul F. Penichet
FBN: 0899380